Swing, J.
Appeal from the Court of Common Pleas of Hamilton County.
The admitted facts of this case are:
First — 'That plaintiff married Mary Reed, April 3, 1862, and that they continued to live together as husband and wife in the State of Kentucky, up t,o the death of said Mary Reed, which occurred April 29, 1885.
Second — That while the said marriage relation existed between them, to-wit: on the — day of--- 1880 or 1881. The said Mary Reed became the owner of twenty shares of stock of the Little Miami Railroad Company.
Third — That on the — day of June, 1882, the said Mary Reed, without his, plaintiff’s knowlege or consent, attempted *162 to assign and transfer to defendant John Jordan, her son, the twenty shares of said stock, and that the same was transferred to said Jordan upon the books of said company.
In his petition plaintiff, in addtion to setting forth the above facts,says: “In Kentucky a husband is entitled to the personal property and choses in action which his wife has at the time of the marriage, or which she afterwards acquires, and that he can sell or control the same at his pleasure, and that he may reduce her choses in action to possession or not, as he may desire, and that the wife has no power whatever to sell or dispose of the same, or any part thereof, without the consent or authority of the husband, and that upon the death of the wife it is provided by the statutes and laws of said State (Kentucky), as passed by the general assembly ofJsaid|State, and in force at the time of the death of said Mary Reed, and previously thereto, that, “When any personjshall die intestate as to his personal estate, or any part thereof, the surplus after payment of funeral expenses, chargesjpf administration and debts, shall pass and be distributed among the same persons and in the same proportion to whom and in which real estate is directed to descend, except as follows: “Thirdly — A husband shall have the whole surplus of a deceased wife’s personal estate.”
Plaintiff further alleges that said pretended transfer was without his consent or knowledge. The prayer of plaintiff’s petition is that the defendant Jordan may be restrained from assigning said stock, and that defendant Railroad Company be restrained from transferring said stock, and that he be decreed to be the owner of said stock.
This case was argued very ably to us orally, some time ago, and this was supplemented by full briefs by either side. The main questions presented have been very difficult for us to arrive at any satisfactory conclusion about it, although we have repeatedly gone over them. And at last we have determined the case on a question just mentioned in argument and one which we have not considered in our *163 frequent discussions of the case in Chambers, until within the last few days. The question is this: Who is the owners of the shares oflstock, taking the .allegations of the plaintiff’s petition^to^be true? Is the plaintiff the owner ? Plaintiff does not say that he is the owner of said shares of stock, but he asks that by reason of the facts set forth in his petition he may be decreed to be the owner of said stock. Now, what does the petition show as to who is the owner, or who is entitled to sue for the stock ? It says the stock was his wife’s; that she'lhad no right to dispose of it; that she is dead, and that^by the laws of Kentucky, the place of her domicile, the surplus, after the payment of funeral expenses, charges of administration and debts, shall be * * * “except a husband shall have the whole surplus of a deceased wife’s personal estate.’’ That is to say, after the payment of all the debts of Mary Reed, the wife, and the costs of administration of her estate, the husband is entitled, on distribution, to the surplus.
If he is entitled’to the surplus, can he maintain this action?
“The title to real estate vests in him by the death of the owner. The legal title to personal estate by such death vests in the executor or administrator, and is transferred, to the persons beneficially interested by the distribution.’’ 1 Bouvier, p. 489.
Judge Welch, in 25 Ohio St. 674, says: “In the first place the action J.s not brought by the proper parties. If this is intestate property, it belongs to the personal estate of the testator, and' any action to recover it, or its value, must be brought by his executors or administrators, and not by his heirs. This doctrine is too well settled to need any citation of authorities.’’
The statement of Judge Welch, in the above case, is not carried into the syllabus, and therefore is not the law of that case, but we can see no reason to question its correctness. If it]is the*law,it would seem to decide the two questions presented^in this case, viz: First, that the prop *164 erty. belongs to the estate of Mary Reed, and does not belong to the husband, the plaintiff. That is, that the legal title is not in him; and, second, that an action for the recovery of the property must be brought by his personal representatives.
Simrall & Mach, for plaintiff, Reed.
Wm. Worthington, for Little Miami R. R. Company.
Ramsey, Maxwell & Ramsey, for Jordan.
But it is urged that under section 5064, Revised Statutes, this should have been taken advantage of by a special demurrer, or answer. If the plaintiff can recover in this case it must be on the strength of his title. If he does not show title to the property claimed, he can have no judgment for it. It is a failure of proof. It is not a question of his capacity to sue, but of his right to recover. If a general demurrer to the petition had been filed, it should have been sustained, and if there is no cause of action, there should be no judgment. The petition should therefore be dismissed without prejudice to the right of the administrator to bring action.